# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JAMIE FRANCISCO ZARATE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-260-JRG-SKL |
| TERRY WOODS and JOE FOWLER, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Before the Court is Plaintiff's pro se amended complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 4]. On October 26, 2017, the Court screened Plaintiff's original complaint and found that "[w]hile Plaintiff's complaint as stated does not state a claim upon which relief may be granted as filed against these Defendants, some of Plaintiff's allegations could state a claim, if amended" [Doc. 3 at 9]. The Court granted Plaintiff leave to file an amended complaint to "identify as Defendant(s) the members of the medical staff at the Hamilton County Jail responsible for denying him his prescribed medication, and what relief Plaintiff is requesting with regard to this constitutional violation" [*Id.*]. Plaintiff then filed an amended complaint on November 22, 2017 [Doc. 4].

Plaintiff's amended complaint must also be screened to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons discussed below, Plaintiff's complaint [Doc. 4] will be **DISMISSED** *sua sponte* for a failure to state a claim upon which relief can be granted under § 1983.

## I. BACKGROUND

In his amended complaint, Plaintiff brings suit against Defendants Hamilton County, Hamilton County Jail, and Hamilton County Jail Medical Staff [Doc. 4 at 1]. Plaintiff asserts that the Hamilton County Jail Medical Staff "refuse[] to provide me the right medication even when they know I have to be on that medication" [*Id.* at 3]. Plaintiff claims that he has been denied the proper medication several times, and that the "Hamilton County Jail" has "fail[ed] to do anything about this issue," even when Plaintiff has spoken to jail officials [*Id.*]. Lastly, Plaintiff asserts that jail and medical officials have claimed "for the last 5 years," that they do not have to provide him with medication prescribed by a doctor [*Id.* at 4]. Plaintiff requests $1,850,000 in monetary damages [*Id.* at 5].

## II. ANALYSIS

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

**B.     § 1983 Standard**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, a plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff's complaint in its current form fails to state a claim upon which relief can be granted.[1]

**C.     Proper Defendants**

Plaintiff has brought suit against Hamilton County, the Hamilton County Jail, and the Hamilton County Jail Medical Staff [Doc. 4 at 1]. At the outset, the Hamilton County Jail is a

---

[1] Courts in the Sixth Circuit have rejected heightened or lower pleading standards for § 1983 claims and instead found that *Twombly* and *Iqbal* plausibility pleading standards govern. *See e.g.*, *Hutchison v. Metro Gov't of Nashville & Davidson Cty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly.").

building and not a suable entity under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90 (finding that in a suit against a local government unit, only "bodies politic" are "persons" who are amenable to be sued under § 1983); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *see also Taylor v. Hamilton County Jail*, No. 1:15–cv–261, 2015 WL 5882811, at *2 (E.D. Tenn. Oct. 8, 2015) (holding the Hamilton County Jail is not a suable entity within the meaning of § 1983).

Similarly, the Hamilton County Jail Medical Staff is not a "person" subject to suit within the terms of § 1983. *See Monell*, 436 U.S. at 689–690 n.53; *see also Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983"); *Anderson v. Morgan County Corr. Facility*, No. 3:14–cv–516, 2015 WL 7281665, at *3 (E.D. Tenn. Nov. 17, 2015) (finding that the jail medical staff is a non-suable entity under § 1983). Therefore, Plaintiff's claims against Defendants Hamilton County Jail and Hamilton County Jail Medical Staff fail to state a claim upon which relief may be granted under § 1983.

Plaintiff has also brought suit against Hamilton County. To succeed on a § 1983 claim against a municipal entity, such as Hamilton County, Plaintiff must establish that: (1) his harm was caused by a constitutional violation; and (2) the municipality itself was responsible for that violation, generally because of a policy, custom, pattern or practice of the municipal defendant that caused Plaintiff's injury. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009); *see also Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior

theory."). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993). To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the "moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cty. Pub. Def. Comm'n,* 501 F.3d 592, 606–07 (6th Cir. 2007) (citing *Monell,* 436 U.S. at 694).

Plaintiff has failed to demonstrate that Hamilton County had an established custom or policy of deliberate indifference relevant to Plaintiff's medical care. For § 1983 purposes, a "custom" is a "practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled" as to have the force of law. *Cash v. Hamilton Cty. Dep't of Adult Prob.*, 388 F.3d 539, 543 (6th Cir. 2004). Although Plaintiff claims that he has not been provided medication while incarcerated at the Hamilton County Jail, Plaintiff makes no allegations from which it could be inferred that a county custom or policy was the "moving force" behind the alleged failure to provide his medication. *See Powers*, 501 F.3d at 606–07; *see also Huffer v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012) (dismissing a § 1983 claim against a county defendant when the complaint "failed to identify any policy or custom that resulted in a constitutional violation"); *Broyles v. Corr. Med. Servs., Inc.*, No. 08–1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) ("[B]are allegations of a custom or policy, unsupported by any evidence, are insufficient to establish an entitlement to relief"). Accordingly, Plaintiff's claims against Hamilton County fail to state a claim upon which relief may be granted under § 1983.

### III. CONCLUSION

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's complaint [Doc. 4] and the present action will be **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE